FILED

MAY 12 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

MOREY WALDSCHMIDT,

Plaintiff,

vs.

SEQIRUS USA INC. D/B/A CSL SEQIRUS,

Defendant.

Civil Case No.: 5:26-CV-318- M

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Morey Waldschmidt (hereinafter the "Plaintiff"), by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant Seqirus USA Inc. d/b/a CSL Seqirus (hereinafter the "Defendant"), upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendant has violated the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; and the North Carolina Persons with Disabilities Protection Act ("NCPDPA"), N.C. Gen. Stat. § 168A, *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation.

## JURISDICTION AND VENUE

1

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617), and the ADA (42 U.S.C. § 12188).

3. This Court has supplemental jurisdiction over related state claims of the NCPDPA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of North Carolina.

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on February 11, 2026, with respect to the herein charges of discrimination and retaliation.

7. A copy of the Notice of Right to Sue is annexed hereto as Exhibit "A."

8. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

9. Plaintiff therefore exhausted his administrative remedies as is required by ADA.

## PARTIES

10. At all relevant times, Plaintiff was and is a resident of the State of North Carolina, Johnston County.

11. Upon Information and belief, Defendant is a domestic business corporation duly existing by the virtue and laws of the State of Florida, that does business in the State of North Carolina.

2

12. Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. At all relevant times, Plaintiff was an employee of Defendant in 475 Green Oaks Parkway, Holly Springs, NC 27540.

## STATEMENT OF FACTS

14. Plaintiff was employed at Defendant as its Manufacturing Associate Level 3 from roughly October 24, 2022 to February 28, 2025.

15. At all relevant times, Plaintiff was a satisfactory employee and was qualified to perform the duties and functions of his employment.

16. Despite being a disabled veteran with service-connected conditions, Plaintiff successfully carried out his job responsibilities in his assigned department and did not require accommodation until the Defendant unilaterally reassigned him under the "Agile Workforce" program.

17. In his original position, Plaintiff had no documented performance issues and was fully capable of performing his duties, as later confirmed by his treating physician, who indicated he was cleared to continue in his original department with modest restrictions.

18. Plaintiff's history of consistent attendance, his willingness to comply with workplace requirements, and his ability to adapt to departmental changes further underscore his commitment.

19. Plaintiff's record reflects an employee who sought to continue contributing to the organization, valued his position, and worked in good faith to meet the Defendant's expectations.

20. On June 5, 2024, after being reassigned under the Defendant's "Agile Workforce" program to the packaging department, Plaintiff began experiencing severe physical strain directly related to his service-connected disabilities, including degenerative arthritis of the spine, chronic pain in his legs and ankles, and other documented conditions.

3

21. The packaging position required continuous standing for twelve (12) hour shifts and repetitive lifting, which quickly aggravated his conditions and caused significant pain.

22. Recognizing the impact on his health, Plaintiff responsibly reported his concerns to the onsite nurse and disclosed that his limitations were tied to his veteran disability status.

23. Plaintiff's disclosure prompted involvement from his supervisors, managers, and Employee Relations.

24. Shortly thereafter, Plaintiff was provided with paperwork and instructed to submit medical documentation to formalize his request for accommodation.

25. Plaintiff promptly complied through the submission of medical documentation on June 28, 2024, followed by completed forms, as requested, on July 10, 2024, which were prepared by his treating physician.

26. Plaintiff's medical professionals explained that Plaintiff should not lift more than twenty-five (25) pounds, should avoid bending, kneeling, or squatting, and should not stand for more than twenty (20) minutes without a rest period of at least ten (10) minutes or for more than two (2) hours total during a twelve (12) hour shift.

27. Dr. Norris further confirmed that Plaintiff had successfully performed in his original department without difficulty and remained able to continue doing so, provided these modest restrictions were observed.

28. Through this process, Plaintiff fully complied with the Defendant's procedures for requesting an accommodation, providing timely and comprehensive medical documentation, and acting in good faith to preserve his employment so he can continue to work.

29. Once Plaintiff completed the Defendant's required procedures and submitted his documentation, the Defendant was obligated under federal and state law to engage in a good-faith

4

dialogue to determine whether a reasonable accommodation could enable him to continue performing the essential functions of his position.

30. Rather than fulfilling this obligation, the Defendant convened a meeting on August 23, 2024, during which Plaintiff was informed that his accommodation requests could not be granted.

31. There was no interactive dialogue at all and indeed, no effort was made to explore alternative solutions, consider adjustments to his existing role, or evaluate whether modifications to Plaintiff's work schedule or responsibilities could allow him to remain in active employment.

32. Instead, Plaintiff was presented with only two options: short-term disability or long-term disability.

33. The Defendant categorically refused to entertain accommodations that would have allowed him to continue contributing to the workforce, an inherent violation of the ADA and the NCPDPA.

34. When Plaintiff asked for written confirmation of this decision, his request was denied.

35. The Defendant's insistence that placing him on disability leave constituted a form of accommodation disregards both the purpose and requirements of the ADA and the NCPDPA, which mandate individualized consideration and reasonable efforts to keep employees working where possible.

36. Rather than viewing these submissions as an opportunity to comply with its legal obligations, the Defendant responded with hostility and adverse actions that reflected a retaliatory motive.

37. On August 23, 2024, Plaintiff was called into a meeting with HR and his supervisors, where he was informed that none of his accommodation requests would be granted.

38. At that time, the Defendant made no effort to discuss alternatives or engage in the required interactive process.

5

39. Instead, Plaintiff was told his only options were to go on short-term or long-term disability leave, effective immediately.

40. After the Defendant denied his accommodation requests on August 23, 2024, Plaintiff was informed that his only remaining option was to take medical leave.

41. Although Plaintiff expressed his preference to continue working in his original department with modest restrictions, the Defendant disregarded this request and unilaterally placed him on short-term disability beginning August 24, 2024.

42. This decision was not presented as protected leave under the FMLA, 29 U.S.C. § 2601 *et seq.*, but rather as an alternative designed to remove Plaintiff from active employment.

43. The retaliatory nature of this decision became even more evident when Plaintiff was involuntarily placed on short-term disability leave on August 24, 2024, despite his ability and willingness to continue working in his original department with modest restrictions.

44. Finally, only a few months later, on February 27, 2025, Plaintiff was formally terminated from his employment.

45. The Defendant did not engage, and have not engaged, the Plaintiff in any meaningful discussion regarding a reasonable accommodation for the Plaintiff that would enable him to continue his employment.

46. The Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities.

47. Defendant acted intentionally and intended to harm the Plaintiff.

48. Plaintiff steadfastly performed his job duties in a loyal, efficient, and reliable manner.

49. Plaintiff was and is disabled and has a serious health condition within the meaning of the FMLA, ADA, and NCPDPA and/or Defendant perceived Plaintiff to be disabled.

6

50. Plaintiff is a qualified individual by virtue of his prior experience acting as an Manufacturing Associate who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

51. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: walking, standing, thinking, concentrating, working, and interacting with others.

52. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for a reasonable accommodation as his right under the law.

53. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

54. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

55. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

56. As a result of the acts and conduct complained of herein, the Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, special damages, and great inconvenience.

57. The Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

58. As such, the Plaintiff demands punitive damages as against Defendant.

### AS A FIRST CAUSE OF ACTION FOR INTERFERENCE
### UNDER THE FAMILY AND MEDICAL LEAVE ACT

7

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

60. Plaintiff was eligible for the FMLA's protections and entitled to leave under the FMLA.

61. Defendant is covered by the FMLA.

62. Defendant interfered with Plaintiff's FMLA benefits to which he was entitled.

63. Defendant's interference has caused Plaintiff harm.

64. Defendant willfully and unlawfully interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(l) and 29 CFR §825.220

65. Defendant violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR §825.220, each such violation constitutes interfering with, restraining, and/or denying Plaintiff exercise of or attempted exercise of his rights under the FMLA.

66. Defendant's violations of the FMLA included, without limitation, discouraging and intimidating Plaintiff from using FMLA leave, pressuring and preventing Plaintiff from using his FMLA leave, denying Plaintiff the right to exercise his FMLA leave and treating Plaintiff differently than other similarly situated employees because of his requests for FMLA leave.

67. Defendant willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave because he exercised or attempted to his rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

68. Defendant terminated Plaintiff's employment in order to prevent him from exercising his rights provided by the FMLA.

69. The actions of Defendant were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

8

70. Under the FMLA, Plaintiff is entitled to the reinstatement to his position.

71. As a result of the actions of Defendant as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of his employment.

72. The actions of Defendant as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615, thereby entitling Plaintiff to recover from Defendant liquidated damages pursuant to 29 U.S.C. § 2617(a)(t)(A).

73. As a result of the actions of Defendant, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## UNDER THE FAMILY AND MEDICAL LEAVE ACT

74. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

75. Plaintiff exercised his FMLA rights by taking FMLA leave from his job as a necessary consequence of the service-related injury he sustained.

76. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

77. Defendant's disparate treatment of Plaintiff began immediately when he availed leave and requested for reasonable accommodation.

78. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

9

79. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

80. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

81. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

82. Section 12112 of the ADA, titled "Discrimination," provides:

   a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

83. Defendant violated this section as set herein

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

84. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. The ADA prohibits retaliation, interference, coercion, or intimidation.

86. Section 12203 of the ADA provides:

   a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because

10

such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

87. Defendant violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NORTH CAROLINA PERSONS WITH DISABILITIES PROTECTION ACT

88. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

89. Defendant discriminated against Plaintiff on the basis of disability in violation of N.C. Gen. Statute § 168A-5, including failing to provide reasonable accommodation and taking adverse employment action because of disability.

90. Defendant's conduct was willful, intentional, and in reckless disregard of Plaintiff's statutory rights.

91. Plaintiff is entitled to all relief available under N.C. Gen. Statute § 168A-11, including damages, equitable relief, and attorneys' fees.

## AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NORTH CAROLINA PERSONS WITH DISABILITIES PROTECTION ACT

92. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

11

93. Defendant unlawfully retaliated against Plaintiff for engaging in protected activity in violation of the NCPDPA, including N.C. Gen. Statute § 168A-5.

94. Defendant's retaliatory conduct was willful, intentional, and in reckless disregard of Plaintiff's statutory rights.

95. Plaintiff is entitled to all legal and equitable relief available under N.C. Gen. Statute § 168A-11.

## JURY DEMAND AND PRAYER FOR RELIEF

96. Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, ADA, and NCPDPA, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

12

Dated: May 11, 2026

By:/s/ *Morey Waldschmidt*

13